# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| M.B., I.B., and J.S. | § § | |
| v. | § § | Civil Action No. 4:14-CV-00708 |
| MATTHEW G. LANDGRAF | § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Matthew Landgraf's Motion for Relief from Final Default Judgment Pursuant to Fed. R. Civ. P. 60(b)(1) (Dkt. #22). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted.

## BACKGROUND

On April 12, 2012, a federal grand jury indicted Defendant on two counts of production of child pornography in violation of 18 U.S.C. §§ 2251 (a) and (e). Subsequently, Defendant entered a guilty plea in connection with the indictment. As a result of Defendant's conduct, on November 7, 2014, Plaintiffs M.B., I.B., and J.S. initiated this suit seeking damages (Dkt. #1). On July 31, 2015, as a result of Defendant's failure to answer, the Clerk filed an Entry of Default (Dkt. #9). On April 4, 2016, the Court entered a Final Default Judgment (Dkt. #18) against Defendant.

On April 4, 2017, Defendant filed a Motion for Relief from Final Default Judgment (Dkt. #22). Plaintiffs filed their response (Dkt. #26) on April 18, 2017, and Defendant filed his reply (Dkt. #29) on April 25, 2017.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Rule 60(b) lists five reasons for which relief may be granted and contains a sixth catch-all

category for reasons not specifically listed. FED. R. CIV. P. 60(b). "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "Thus, where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Id.*

## ANALYSIS

Here, Defendant seeks to have the default judgment set aside under both Rule 60(b)(1) and 60(b)(6).[1] The Court finds it is only necessary to address Defendant's Rule 60(b)(1) argument.

**I. Rule 60(b)(1)**

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." FED. R. CIV. P. 60(b)(1). When a party seeks to set aside a default judgment pursuant to Rule 60(b)(1), the Court takes into consideration three primary factors: (1) whether the defendant willfully defaulted; (2) whether a meritorious defense is presented; and (3) whether setting aside the default judgment prejudices the plaintiff. *Scott v. Carpanzano*, 556 F. App'x 288, 293 (5th Cir. 2014); *accord Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008); *Lacy*, 227 F.3d at 292. "Of these factors, two can be determinative: a district court may refuse to set aside a default judgment if it finds either that the default was willful or that the defendant failed to present a meritorious defense." *Scott*, 556 F. App'x at 293–94. Other factors the Court may consider are whether the defendant acted expeditiously to correct the default and

---

[1] In Plaintiffs' Response (Dkt. #26), Plaintiffs attempt to classify Defendant's arguments as being grounded in Rule 60(b)(2). The Court is unpersuaded. Further, in Defendant's Reply (Dkt. #29), Defendant makes an argument under Rule 60(b)(3). Because Defendant did not raise this argument in its original motion (Dkt. #22), the Court will not address it.

2

whether there is a significant financial loss to the defendant. *Id.* at 294; *accord Lacy*, 227 F.3d at 292.

    **a. Willful Default**

Defendant argues his default is not the result of willfulness but instead the result of (1) Plaintiffs' informal agreement with Defendant to forego filing an answer in order to preserve Defendant's resources, (2) Plaintiffs' decision to terminate this agreement unilaterally, (3) Plaintiffs' failure to return records essential to Defendant's defense, and (4) Defendant's conclusion that Plaintiffs' next move included initiating formal discovery, not seeking a default judgment. Conversely, Plaintiffs assert despite any agreement between the parties, Defendant should have filed an answer or obtained a written agreement. Further, Plaintiffs claim seeking a default judgment was implicit in their warnings to Defendant when Defendant failed to adequately respond to Plaintiffs' requests for documents.

"A willful default is an intentional failure to respond to litigation." *Scott*, 556 F. App'x at 294. Here, Plaintiffs filed suit on November 7, 2014. Subsequently, Defendant and his counsel agreed to postpone filing an answer, pending settlement, in order to preserve resources and increase any potential recovery Plaintiffs might obtain (Dkt. #22, Exhibit 5 at ¶¶ 4–5). Plaintiffs' counsel knew of Defendant's approach and presented to the Court their approval of it.[2] Further, counsel for both parties engaged in continuous settlement communications from November 26, 2014, through March 24, 2015 (Dkt. #22, Exhibit 2). Taking into account Plaintiffs' counsel's knowledge and approval of Defendant's approach to forego filing an answer pending settlement in conjunction with ongoing settlement discussions, the Court finds Defendant's failure to file an

---

[2] *See* (Dkt. #22, Exhibit 5 at ¶¶ 4–5); (Dkt. #6 at p. 1) (Plaintiffs' Status Report stating that "[i]n order to preserve the assets available to Defendant to resolve this matter by way of settlement, Plaintiffs have agreed to work with Defendant and his attorneys to minimize the attorney[']s fees incurred by the Defendant in defense of this suit and preserve Defendant's estate for the benefit of the Plaintiffs.").

3

answer or make an appearance does not rise to the level of willful default or intentional failure to respond.

### b. Meritorious Defense

A district court maintains the discretion to refuse to set aside a default judgment if the defendant fails to present a meritorious defense sufficient to support a finding on the merits in its favor. *Scott*, 556 F. App'x at 296 (citing *Lacy*, 227 F.3d at 293). Generally, this requires the defendant provide definite factual allegations, as opposed to mere legal conclusions in support of his defense. *Id.* (citing *Jenkens*, 542 F.3d at 122). "In determining whether a meritorious defense exists, the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (citing *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008)).

Plaintiffs claim Defendant invaded Plaintiffs' right of privacy and violated 18 U.S.C. § 2255 (Dkt. #1 at ¶¶ 10–13). Under 18 U.S.C. § 2255, "[a]ny person who, while a minor, was a victim of a violation of section . . . 2251 . . . and who suffers personal injury as a result of such violation . . . may sue . . . and shall recover the actual damages . . . and the costs of the suit, including a reasonable attorney's fee." 18 U.S.C. § 2255(a) (2013). Further, "any person described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value." *Id.*

Here, Defendant argues both J.S. and I.B. are precluded from recovering under 18 U.S.C. § 2255. Specifically, Defendant argues J.S. cannot recover because he "was not a minor when his sexual conduct was recorded." (Dkt. #22 at ¶ 40). Further, because I.B. "was never recorded except fully clothed in a non-sexual setting" and "the statute requires that I.B. have been recorded engaging in explicit sexual conduct . . . any recording of him did not violate Title 18 U.S.C.

§ 2255. . . ." (Dkt. #22 at ¶ 40). Regarding M.B., while Defendant concedes she is entitled to statutory damages, he disagrees she is entitled to the nearly $5 million in actual damages awarded to her in the default judgment (Dkt. #22 at ¶ 41).[3]

Without inquiring into the merits of the case as a whole, based on Defendant's factual allegations, it appears that Defendant has submitted evidence which, if proven at trial, constitutes a defense. *See Fine v. Evergreen Aviation Ground Logistics Enterprise, Inc.*, No. 2:07-cv-165, 20009 WL 793753, at *3 (E.D. Tex. Mar. 20, 2009).

### c. Prejudice to Plaintiff

To show prejudice, "the plaintiff must show that setting aside the default judgment will result in loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Scott*, 556 F. App'x at 298 (citing *Lacy*, 227 F.3d at 293). "It is not enough that the plaintiff will be required to prove his case or that any potential recovery will be delayed." *Id.*

Plaintiffs fail to make a showing they will suffer prejudice if the default judgment is set aside, and the Court finds no potential for unfair prejudice in the record.

### d. Additional Factors

Additional factors the Court may consider are whether the defendant acted expeditiously to correct the default and whether there is a significant financial loss to the defendant. *Scott*, 556 F. App'x at 293–94; *accord Lacy*, 227 F.3d at 292. Plaintiffs argue Defendant did not act within a reasonable time. Defendant contends he timely filed his motion and that not setting aside the default judgment results in a significant financial loss.

---

[3] In making this argument, Defendant compares the facts of this case and M.B.'s request for nearly $5 million with another case where a minor victim of sexual abuse and child pornography over a two-year period by her uncle sought $3.4 million.

Rule 60(c)(1) states that a "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Here, the Court entered the Final Default Judgment (Dkt. #18) on April 4, 2016. A year later, on Aril 4, 2017, Defendant filed his Motion for Relief from Final Default Judgment (Dkt. #22). While Defendant did not act as quickly as possible, he did file his motion within the limitations period. As such, the Court finds this factor weighs slightly in favor of not setting aside the default judgment or is neutral. Nevertheless, this factor alone is not determinative of the Court's decision.

Additionally, the Court finds Defendant would suffer a significant financial loss if the default judgment is not set aside. Specifically, Defendant's obligation under the default judgment towards Plaintiffs is nearly $17.8 million. Undoubtedly, a multi-million dollar judgment mitigates strongly in favor of a trial on the merits. *See Scott*, 556 F. App'x at 299.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Relief from Final Default Judgment Pursuant to Fed. R. Civ. P. 60(b)(1) (Dkt. #22) is hereby **GRANTED**.

Further, the Court sets aside the Final Default Judgment (Dkt. #18) and orders Defendant to file an answer to Plaintiffs' complaint within ten (10) days of entry of this order.

**SIGNED this 15th day of November, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE