# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| M.B., I.B., and J.S. | § | |
| | § | Civil Action No. 4:14-CV-00708 |
| v. | § | Judge Mazzant |
| | § | |
| MATTHEW G. LANDGRAF | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs M.B., I.B., and J.S.'s Motion for Extension of Time to File Jury Demand and, Alternatively, Motion for Jury Trial (Dkt. #74). Having considered the motion and the relevant pleadings, the Court finds that Plaintiffs' motion should be granted.

## BACKGROUND

Plaintiffs filed this case on November 7, 2014 (Dkt. #1). Defendant Matthew G. Landgraf did not file a timely answer to Plaintiffs' Complaint (*See* Dkt. #3). Consequently, Plaintiffs moved for a default judgment, and the Court entered a default judgment on April 4, 2016 (Dkt. #14; Dkt. #18). Exactly one year later, on April 4, 2017, Defendant moved to set aside the default judgment (Dkt. #22). The Court set aside the default judgment on November 15, 2017, and Defendant filed his Answer on November 27, 2017 (Dkt. #33).

On August 1, 2018, Plaintiffs filed their Motion for Extension of Time to File Jury Demand and, Alternatively, Motion for Jury Trial (Dkt. #74). Plaintiffs move for an extension of time to file a jury demand pursuant to Federal Rule of Civil Procedure 6(b) or requests the Court to order a jury trial pursuant to Federal Rule of Civil Procedure 39(b) (Dkt. #74 ¶¶ 1, 5). Defendant filed a response to the motion on August 15, 2018 (Dkt. #76). Plaintiffs filed a reply in support of the motion on August 22, 2018 (Dkt. #81).

**LEGAL STANDARD**

"The right to jury trial preserved by the Seventh Amendment to the Constitution and embodied in Federal Rule 38(a) is not self-enforcing." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2318 (3d ed. 2018). Accordingly, a party who seeks a jury trial must demand one. *See Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir.), *cert. denied*, 400 U.S. 833 (1970) (a party's failure to make a timely jury demand constitutes a waiver of its right to a jury trial).

The Federal Rules of Civil Procedure provide methods for demanding a jury trial. Rule 38 explains:

> (b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by:
>
> > (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
> >
> > (2) filing the demand in accordance with Rule 5(d).
>
> . . . .
>
> (d) Waiver; Withdrawal. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

If a party waives its right to trial by jury, Rule 39(b) provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." In other words, Rule 39(b) grants the Court discretion "to relieve a party from waiver of a jury trial . . . ." *Daniel Intern. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (citing *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir.), *cert. denied*, 379 U.S. 962 (1964)). The Court's discretion under Rule 39(b) is not unlimited because the Court is required to "to grant a motion for jury trial . . . 'in the absence of strong and compelling reasons to the contrary.'"

*Pinemont Bank v. Belk*, 722 F.2d 232, 236 (5th Cir. 1984) (quoting *Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138, 144 (5th Cir. 1979)). This restraint on the Court's discretion is "based on the long-accepted observation that the right to trial by jury 'is a basic and fundamental feature of our system.'" *Lewis v. Thigpen*, 767 F.2d 252, 259 (5th Cir. 1985) (quoting *Swofford*, 336 F.2d at 409). Courts analyze five factors when considering whether to order a jury trial under Rule 39(b):

> (1) whether the case involves issues which are best tried to a jury;
>
> (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
>
> (3) the degree of prejudice to the adverse party;
>
> (4) the length of the delay in having requested a jury trial; and
>
> (5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel*, 916 F.2d at 1064 (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.), *cert. denied*, 464 U.S. 936 (1983)). Courts do not "simply tally the [*Daniel*] factors when deciding a Rule 39(b) motion and see whether more factors favor granting or denying the motion." *Bell v. Gen. Am. Life Ins. Co.*, 3:13-CV-1846-D, 2014 WL 815382, at *2 (N.D. Tex. Mar. 3, 2014). Instead, courts consider "all the factors holistically, keeping firmly in mind the Seventh Amendment fundamental right of trial by jury." *Id.*

Additionally, the Court may extend filing periods under Federal Rule of Civil Procedure 6(b) for good cause. If the motion for extension of time is made after the expiration of a deadline, the party must show that it failed to act because of excusable neglect. FED. R. CIV. P. 6(b)(1)(B). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380,

392 (1993) (footnotes omitted). "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alteration in original) (internal quotation marks and citations omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x. 442, 444 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–98 (1990)).

## ANALYSIS

Plaintiffs move the Court to extend the deadline to file a jury demand under Rule 6(b) or order a jury trial pursuant to Rule 39(b). As cited above, the factors considered under either a Rule 6(b) or 39(b) analysis are essentially the same. *See Adams*, 465 F.3d at 161 n.8; *Daniel*, 916 F.2d at 1064 (citing *Parrott*, 707 F.2d at 1267). After consideration of the Rule 6(b) and Rule 39(b) factors, the Court orders a jury trial pursuant to Rule 39(b).

### I. Issues Best Tried to a Jury

The first factor is whether the issues are best tried to a jury. Plaintiffs allege that when they were minors Defendant surreptitiously recorded them engaging in sexually explicit conduct and while nude in the bathroom (Dkt. #1 ¶ 8). Plaintiffs assert claims under 18 U.S.C. § 2255 and for invasion of privacy under Texas law (Dkt. #1 ¶¶ 10–13). A review of Plaintiffs' claims, the pending motions, and pleadings, demonstrates to the Court that this case is particularly fact-intensive. Accordingly, this case is best tried to a jury, and the first factor weighs in favor of granting Plaintiffs' motion.

**II. Schedule**

The second factor is whether granting the motion would result in a disruption of the Court's schedule or that of an adverse party. The date for trial in this case will be set at the Final Pretrial Conference. In setting a trial date, the Court will consider the parties' schedules. Whether the case is tried to a jury or the bench will not affect the scheduling of the trial. Further, granting Plaintiffs' motion will not require any amendments to the Scheduling Order. Therefore, the second factor weighs in favor of granting Plaintiffs' motion.

**III. Prejudice to Defendant**

The third factor is the degree of prejudice to the adverse party. Defendant argues this factor "strongly weighs against the Court granting the extension of time" because "[t]he defendant has made a number of trial preparation decisions in reliance upon this case being a bench trial and not a jury trial." (Dkt. #76 ¶ 5). These decisions include "determinations about seeking psychological records of the Plaintiffs and a decision to forgo employing several experts . . . ." (Dkt. #76 ¶ 5).

Defendant does not demonstrate sufficient prejudice to prevent the granting of Plaintiffs' motion. The burden of proof does not change depending on whether the factfinder is a jury or the Court. Therefore, the need for expert testimony and evidence of Plaintiffs' psychological condition does not change depending on whether the case is tried to a jury or the Court.[1] Defendant does not indicate any other prejudice that might result from granting Plaintiffs' motion. Consequently, this factor weighs in favor of granting Plaintiffs' motion.

**IV. Degree of Delay**

The next factor to consider is the length of delay in demanding a jury trial. As mentioned previously, Plaintiffs filed this case on November 7, 2014 (Dkt. #1). Plaintiffs did not demand a

---

1. It appears Defendant is now seeking Plaintiffs' psychological records (*See* Dkt. #95).

jury in the Complaint (Dkt. #1). After the entry of the default judgment against Defendant on April 4, 2016, nothing occurred in the case until Defendant moved to set aside the default judgment on April 4, 2017 (Dkt. #18; Dkt. #22). Plaintiffs did not file their jury demand until August 1, 2018 (Dkt. #74).

Plaintiffs' delay is substantial, but it is not unique in this case. Ironically, Defendant argues Plaintiffs' "233-day" delay is unjustified (Dkt. #76 ¶¶ 8–9, 11). Defendant does not mention that he waited until the last moment to move to set aside the default judgment entered against him—a 365-day delay (*See* Dkt. #33 at p. 6). Even so, Plaintiffs' delay weighs in favor of denying Plaintiffs' motion.

V. **Reason for Tardiness**

The final factor is the reason for tardiness in requesting a jury trial. The Court must also consider whether the reason for delay was within the reasonable control of Plaintiffs and whether Plaintiffs acted in good faith. Plaintiffs' Counsel explains why Plaintiffs failed to make a timely jury demand:

> Plaintiffs did not . . . demand a jury in accordance with Fed. R. Civ. P. 38(b) because Plaintiffs' counsel has no federal jury trial experience and was not aware the deadline to demand a jury was tied to the filing of Defendant's Answer and was not consistent with state law, which requires the jury demand be made at least thirty (30) days before the case is set for trial.

(Dkt. #74 ¶ 4, b) (citing TEX. R. CIV. P. 216). Defendant argues Plaintiffs' Counsel's mistake is not excusable (Dkt. #76).

Under the Rule 6(b) standard, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, [however] it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co.*, 507 U.S. at 392. Under

the Rule 39(b) analysis, the Court does not "simply tally the [*Daniel*] factors when deciding a Rule 39(b) motion and see whether more factors favor granting or denying the motion." *Bell*, 2014 WL 815382, at *2. Instead, courts consider "all the factors holistically, keeping firmly in mind the Seventh Amendment fundamental right of trial by jury." *Id.* Further, the Court is required "to grant a motion for jury trial . . . 'in the absence of strong and compelling reasons to the contrary.'" *Pinemont*, 722 F.2d at 236 (quoting *Cox*, 607 F.2d at 144).

The Court finds Plaintiffs' Counsel's mistake is not a result of bad faith, although the mistake was within Plaintiffs' Counsel's control. However, the Court also finds no compelling reasons to preclude Plaintiffs from exercising their rights to a jury trial besides Plaintiffs' Counsel's mistake and delay. As the mistake and delay do not cause prejudice to Defendant, affect the Court's schedule, and because the issues are best tried to a jury, the Court finds Plaintiffs' motion should be granted.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Extension of Time to File Jury Demand and, Alternatively, Motion for Jury Trial is **GRANTED** (Dkt. #74). Pursuant to Federal Rule of Civil Procedure 39(b), the Court **ORDERS** that this case will proceed to a jury trial on the issues.

**IT IS SO ORDERED**.

**SIGNED this 5th day of February, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

7