# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| M.B., I.B., and J.S. | § |
| | § Civil Action No. 4:14-CV-00708 |
| v. | § Judge Mazzant |
| | § |
| MATTHEW G. LANDGRAF | § |
| | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Matthew G. Landgraf's Motion for Partial Summary Judgment (Dkt. #62) and Plaintiffs M.B., I.B., and J.S.'s Motion for Leave to Amend Complaint (Dkt. #132). Having considered the motions and relevant pleadings, the Court finds Defendant's motion should be denied and Plaintiffs' motion should be granted.

## BACKGROUND

On April 12, 2012, Defendant was indicted on two counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e). *See USA v. Landgraf*, 4:12-CR-00086-TH-DDB-1, (Dkt. #14) (E.D. Tex.). Defendant pleaded guilty to the indictment and this Court sentenced Defendant. *Landgraf*, 4:12-CR-00086-TH-DDB-1, (Dkt. #50; Dkt. #65; Dkt. #66).

On November 7, 2014, Plaintiffs M.B., I.B., and J.S. sued Defendant (Dkt. #1). Defendant filed his Motion for Partial Summary Judgment on April 27, 2018 (Dkt. #62). Defendant moves for partial summary judgment on I.B.'s 18 U.S.C. § 2255 and invasion of privacy claims.[1] I.B. filed a response to Defendant's motion on August 21, 2018, including objections to Defendant's summary judgment evidence (Dkt. #79). Defendant filed a reply in support of the motion on August 31, 2018 (Dkt. #85). I.B. filed a sur-reply to the motion on September 5, 2018 (Dkt. #88).

---

1. Defendant initially moved for partial summary judgment on both I.B. and J.S.'s 18 U.S.C. § 2255 and invasion of privacy claims (*See* Dkt. #62). However, Defendant concedes in his reply to the motion, "Based on [J.B.'s] affidavit, it is clear that a genuine issue of fact exists . . . [and] [s]ummary judgment on the 18 U.S.C. § 2255 and invasion of privacy counts as they relate to [J.B.] would thus be inappropriate." (Dkt. #85 ¶ 2).

Further, on January 24, 2019, Plaintiffs moved for leave to amend their complaint (Dkt. #132). Plaintiff seek leave to add certain factual allegations to the complaint and allege 18 U.S.C. § 2252 as a predicate offense to their § 2255 claims (Dkt. #132 at p. 2). Plaintiffs also wish to withdraw I.B. and J.S.'s invasion of privacy claims and ensure their request for exemplary damages is made pursuant to § 2255 (Dkt. #132 at p. 2). Defendant did not respond to Plaintiffs' motion.

**LEGAL STANDARD**

**I. Summary Judgment**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward

with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

**II. Leave to Amend**

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15 governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010). Rule 16 governs a party's request to amend its

3

pleading after the deadline to amend passes. *Tex. Indigenous Council*, 544 F. App'x. at 420 (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright & Arthur R. Miller,

4

*Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only after the movant demonstrates good cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id.*

## ANALYSIS

Defendant moves for summary judgment on I.B.'s 18 U.S.C. § 2255 claim. Section 2255 provides a civil cause of action for a minor who suffers personal injury as a result of a defendant's criminal violation of certain statutes including 18 U.S.C. §§ 2251 and 2252. Defendant contends summary judgment is appropriate because no evidence demonstrates he recorded I.B. and, alternatively, there is no evidence that I.B. was a minor at the time his injury accrued under § 2255. Having considered the arguments and evidence submitted by the parties, the Court finds there is a genuine issue of material fact on I.B.'s Section 2255 claim.

Defendant next moves for summary judgment on I.B.'s invasion of privacy claim alleging the claim is timed barred by the statute of limitations. In Plaintiffs' Motion for Leave to Amend Complaint, Plaintiffs seek to withdraw J.S. and I.B.'s invasion of privacy claims (Dkt. #132 at p. 2). Accordingly, if Plaintiffs' motion for leave is granted, Defendant's summary judgment argument is moot.

Pursuant to the Scheduling Order, Plaintiffs' deadline to file amended pleadings expired on April 13, 2018 (Dkt. #42). Plaintiffs moved for leave to amend on January 24, 2019 (Dkt. #132). Therefore, Plaintiffs must demonstrate good cause under Rule 16(b)(4) before

5

meeting the more liberal Rule 15(a) standard. *S&W Enterprises, L.L.C.*, 315 F.3d at 535. In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co.*, 110 F.3d at 257).

The Court finds good cause exists under Rule 16(b)(4) considering the factors listed above:

(1) Plaintiffs provide a sufficient explanation for their failure to move for leave within the deadline. Plaintiffs state they did not have access to sealed documents in the underlying criminal proceeding until October 23, 2018. Further, Plaintiffs did not receive a response to their *Touhy* request to the Federal Bureau of Investigations until November 9, 2018 (referring to *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)). Plaintiffs also claim that "[d]uring the course of discovery in this case, particularly third-party discovery, Plaintiffs have learned information relating to their claims that was neither known nor accessible to them at the time their original complaint was filed." (Dkt. #132 ¶ 1.8).

(2) The amendments are important to both parties for multiple reasons. First, Plaintiffs will add additional factual allegations to the pleading providing additional notice of Plaintiffs' claims to Defendant. Second, Plaintiffs J.S. and I.B. will withdraw their invasion of privacy claims against Defendant. Third, Plaintiffs will clarify the predicate offense and exemplary damage issues.

(3) The prejudice to Defendant is low considering that Plaintiffs seek to assert *fewer* claims against Defendant. Additionally, Plaintiffs state that no additional discovery will be required if leave is granted (Dkt. #132 ¶ 1.8). The Court also notes that Defendant did not respond to Plaintiffs' motion to identify any additional prejudice.

(4) The Court recently reset the Final Pretrial Conference and Trial (Dkt. #151). In essence, the Court has already provided a continuance to cure any prejudice to Defendant.

As good cause exists under Rule 16(b)(4), Plaintiffs must now meet the Rule 15(a) requirements. Rule 15(a) "'evinces a bias in favor of granting leave to amend.'" *Jones*, 427 F.3d at 994 (quoting *Lyn–Lea Travel Corp.*, 283 F.3d at 286). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to

the opposing party; and (5) futility of amendment. *Smith*, 393 F.3d at 595 (citing *Foman*, 371 U.S. at 182).

The Court finds Plaintiffs meet the Rule 15(a) standard considering the factors listed above:

(1) The Court found Plaintiffs' explanation for its failure to timely move for leave to amend sufficient above. Based on the same analysis, the Court finds Plaintiffs did not unduly delay in seeking leave to amend.

(2) There is no evidence before the Court that Plaintiffs act in bad faith or possess a dilatory motive in moving for leave to amend.

(3) Plaintiffs have not sought leave to amend before the motion at issue. Therefore, Plaintiffs have not failed to cure deficiencies by previous amendments.

(4) The Court considered prejudice to Defendant above. Based upon the same analysis, the Court finds no, or little, prejudice to Defendant caused by granting Plaintiffs leave to amend.

(5) Plaintiffs' proposed amendments are not futile.

Plaintiffs meet the Rules 16(b)(4) and 15(a) requirements. Consequently, the Court **GRANTS** Plaintiffs' Motion for Leave to Amend Complaint (Dkt. #132). As Plaintiffs J.S. and I.B. no longer assert invasion of privacy claims against Defendant, Defendant's motion for summary judgment, as it relates to I.B.'s invasion of privacy claim, is **MOOT**.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Partial Summary Judgment (Dkt. #62) is hereby **DENIED** and Plaintiffs' Motion for Leave to Amend Complaint is **GRANTED** (Dkt. #132). Plaintiffs' First Amended Complaint is deemed filed as of the date it was filed in connection with the Motion for Leave (Dkt. #133).

**IT IS SO ORDERED**.

**SIGNED this 26th day of March, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE