# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| M.B., I.B., and J.S. § | |
|    *Plaintiffs,* § | |
| v. § | Civil Action No. 4:14-CV-00708 |
| § | Judge Mazzant |
| MATTHEW GUY LANDGRAF § | |
|    *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs M.B., I.B., and J.S.'s Motion for Attorney's Fees and Costs (Dkt. #162), Motion for Award of Attorney's Fees and Costs (Dkt. #164), and Supplemental Motion for Costs (Dkt. #167). Having considered the motions, the Court finds that Plaintiffs' Motion for Attorney's Fees and Costs (Dkt. #162) should be denied; Plaintiffs' Motion for Award of Attorney's Fees and Costs (Dkt. #164) should be granted in part and denied in part; and Plaintiffs' Supplemental Motion for Costs (Dkt. #167) should be granted.

## BACKGROUND

This case arises from the personal injuries suffered by Plaintiffs due to Defendant Matthew Guy Landgraf's violation of 18 U.S.C. § 2255. On May 5, 2020, the Court granted Plaintiffs' motions for summary judgment against Defendant. In its Order, the Court awarded Plaintiffs damages and found that Plaintiffs were entitled to reasonable attorneys' fees and costs (Dkt. #159). The Court instructed Plaintiffs to submit briefing on the issue of fees (Dkt. #159).

Accordingly, on May 19, 2020, Plaintiffs filed their Motion for Attorney's Fees and Costs (Dkt. #162). On June 2, 2020, Plaintiffs filed their Motion for Award of Attorney's Fees and Costs

(Dkt. #164). On June 26, 2020, Plaintiffs filed their Supplemental Motion for Costs (Dkt. #167). Defendant did not respond to Plaintiffs' motions.[1]

### LEGAL STANDARD

Attorneys' fees and costs are recoverable under 18 U.S.C. § 2255(a). Courts use the lodestar method to calculate reasonable attorneys' fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The lodestar is calculated by multiplying the number of hours an attorney spent on the case by an appropriate hourly rate. *Id.* at 502. A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984)). The relevant legal community is the community where the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The lodestar is presumptively reasonable. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

The party seeking attorneys' fees must present adequately recorded time records. *Id.* at 457. The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended. *Id.*

The Court then considers whether the circumstances warrant a lodestar adjustment. *Migis v. Pearle Vision*, *Inc*., 135 F.3d 1041, 1047 (5th Cir. 1998). In making any adjustment, the Court considers twelve *Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The *Johnson* factors are: (1) time and labor required;

---

[1] Defendant was required to respond within 14 days of each motion's filing. *See* LOCAL RULE CV-7(e). Defendant failed to do so for each of Plaintiffs' three motions. Notably, because Defendant failed to oppose the motions, the Court "[presumes] that [Defendant] does not controvert the facts set out by [Plaintiffs]" in their motions. *See* LOCAL RULE CV-7(d).

(2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases. *Id.* (citing *Johnson*, 488 F.2d at 717–19). The most critical factor in determining reasonableness is the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted). Three of the *Johnson* factors—complexity of the issues, results obtained, and preclusion of other employment—are fully reflected in the lodestar amount. *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

## ANALYSIS

Plaintiffs request $434,876.00 in attorneys' fees[2] (Dkt. #164 at p. 13). They also seek $13,746.85 in costs[3] (Dkt. #167). The Court will address Plaintiffs' requests in turn.

**I.    Attorneys' Fees**

The lodestar method to calculate reasonable attorneys' fees requires a determination of the reasonable number of hours expended by counsel, as well as the reasonable hourly rate. Plaintiffs offer billing records and an affidavit supporting its request for $434,774.00 in attorneys' fees for 1,427.15 hours expended (Dkt. #164, Exhibit 1).[4]

---

[2] In Plaintiffs' initial motion for attorneys' fees, Plaintiffs sought $434,774.00 for fees—after voluntarily reducing the amount by $4,337.50 (Dkt. #162). In their subsequent briefing, Plaintiffs asked for $434,876.00 in fees, after reducing the fee amount by $19,567.00 (Dkt. #164).

[3] In their first two motions for fees and costs, Plaintiffs requested $13,780.85 in costs (Dkt. #162; Dkt. #164). In their third and final motion, Plaintiffs revised their requested fees to $13,746.85 (Dkt. #167).

[4] Plaintiffs hired Matthews, Shiels, Knott, Eden, Davis & Beanland, L.L.P. initially and later engaged Peckar & Abramson, P.C. (Dkt. #164, Exhibit 1).

The hours expended are as follows:

| Timekeepers | Hours | Hourly Rate | Total |
|---|---|---|---|
| *Matthews, Shiels, Knott, Eden, Davis & Beanland, LLP* | | | |
| Tracey L. Cloutier: Associate | 116.55 | $300 | $34,965.00 |
| Daniel A. Knott: Partner | 68.8 | $400 | $27,520.00 |
| Robert J. Davis: Associate | 56.4 | $150 | $8,460.00 |
| Misti L. Beanland: Partner | .8 | $350 | $280.00 |
| Justin W. Stephens: Associate | 1.5 | $220 | $330.00 |
| Laura A. Gearhart: Associate | 22.3 | $150 | $3,345.00 |
| Gavin B. Justiss: Associate | 11.85 | $150 | $1,777.50 |
| Luzmarina Vargas: Legal Assistant | .55 | $80 | $44.00 |
| **Subtotal** | **278.75** | | **$76,721.50** |
| *Peckar & Abramson, P.C.* | | | |
| Tracey L. Williams: Senior Counsel | 936.9 | $325–$405 | $322,042.50 |
| Timothy D. Matheny: Partner | 2.9 | $435–$460 | $1,319.00 |
| Jamie Oberg: Associate | 110.9 | $195–$245 | $25,242.00 |
| Daniel Budorick: Senior Counsel | 2.3 | $400–$405 | $929.50 |
| Kay Hill: Paralegal | 56.9 | $175–$185 | $10,512.50 |
| Shara Fleming: Legal Assistant | 11.9 | $175–$185 | $2,195.50 |
| Misty Hicks: Legal Assistant | 2.8 | $175 | $490.00 |
| Price Brannen: Law Clerk | 23.8 | $150 | $3,570.00 |
| **Subtotal** | **1148.8** | | **$366,301.00** |
| **Grand Total** | **1427.15** | | **$443,022.50** |

(Dkt. #164, Exhibit 1 at p. 6).[5]

Defendant does not contest the reasonableness of these rates, so "they are considered *prima facie* reasonable." *Black Heritage Islamic Ctr. of Miss., Inc. v. City of Starkville, Miss.*, 876 F.2d 465, 469 (5th Cir. 1989). Nevertheless, after reviewing the billing records, the Court finds the rates and hours are reasonable. Defendant does not respond, and the Court finds no reason to alter the lodestar fee.

**II.    Costs**

Plaintiffs also seek $13,746.85 in costs, supported by an affidavit, an itemization of costs,

---

[5] Plaintiffs voluntarily reduced the amount of attorneys' fees by $19,567.00 for unproductive, excessive, or redundant work (Dkt. #162 at p. 2).

and related receipts (Dkt. #164, Exhibit 1; Dkt. #167).  Upon reviewing Plaintiffs' documentation, the Court finds that the amount of costs is reasonable.  Plaintiffs are therefore entitled to costs in the amount of $13,746.85.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Attorney's Fees and Costs (Dkt. #162) is **DENIED**.

It is further **ORDERED** that Plaintiffs' Motion for Award of Attorney's Fees and Costs (Dkt. #164) is **GRANTED in part and DENIED in part**.  Defendant is **ORDERED** to pay $434,876.00 in attorneys' fees to Plaintiffs.

It is further **ORDERED** that Plaintiffs' Supplemental Motion for Costs (Dkt. #167) is **GRANTED**.  Defendant is **ORDERED** to pay $13,746.85 in costs to Plaintiffs.

**SIGNED this 11th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE